843 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NENNA & FRAIN, INC., Plaintiff-Appellant,
v.
BALTIMORE COUNTY; Whitman, Requardt and Associates; Frank
Tighe, Defendants-Appellees,
and
Allied Contractors, Inc.; Fidelity and Deposit Company of
Maryland; William Korpman; John Wolf, Defendants.
 No. 87-3562.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 13, 1988.
Decided: April 7, 1988.
 
 Chester Grainger Bowman, McNees, Wallace & Nurick, for Appellant. John A. Austin, Malcolm Francis Spicer, Jr., Michael J. Moran, County Attorney's Office for the County of Baltimore, for appellee Baltimore County.
 Nancy Ellen Paige, Donald N. Rothman, Gordon, Feinblatt, Rothman, Hoffberger & Hollander, for appellees Whitman, Requardt and Associates and Frank Tighe.
 Before MURNAGHAN, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Before us is appellee Baltimore County's "Motion to Dismiss Appeal" and Appellees Whitman, Requardt & Associates and Frank Tighe's "Motion to Dismiss Appeal and for Sanctions," with the memoranda and affidavit filed in support of these motions, and Appellant Nenna & Frain, Inc.'s ("N & F's"), responses to these motions.
 
 
 2
 N & F timely appealed, by counsel, from an adverse summary judgment on 22 April 1987. N & F's trial attorney, by letter dated 18 May, advised this Court that he would not be appearing on appeal and suggested that another attorney would "be handling the case." That attorney did not file an appearance.
 
 
 3
 N & F was directed to provide this Court with the name and address of its appellate counsel on or before 15 July 1987. When N & F failed to respond, the Clerk of Court told N & F that this appeal would be dismissed unless the default was remedied by 13 August 1987. On 12 August this Court received a letter from Dr. David V. Nenna seeking an additional extension of time to obtain counsel. N & F was warned by this Court's 19 August 1987 Order that "[n]o further delay is justified" in this case.
 
 
 4
 On 24 September 1987, under a cover letter dated 22 September with the return address of a "Vinen Corp.," N & F filed an informal brief and a disclosure of corporate affiliations and financial interest form. See Local Rule 47. Each document was executed with a "Nino Frain" signature; "Nino Frain" or "NINO FRAIN," "of NENNA & FRAIN, INC.," was typed underneath each signature.
 
 
 5
 The Appellees filed informal briefs on 9 and 13 October 1987. The Appellees then filed the Motions now before us on 13 and 20 October 1987. The attorney for Appellees Whitman, Requardt & Associates and Frank Tighe submitted an affidavit with the "Motion to Dismiss Appeal and for Sanctions" stating that she called the telephone number on N & F's 24 September cover letter and asked to speak to "Nino Frain." The attorney swears that she was told "that there was no such person as Nino Frain." The Clerk of this Court directed N & F to respond to the Motion to Dismiss Appeal and for Sanctions on or before 27 October.
 
 
 6
 N & F responded with a "Motion to Permit Filing of Brief and Extension of Time" served on 9 November. This motion did not address the Appellees' assertions that "Nino Frain" was "an apparently nonexistent person," but rather asserted, incredibly, that "the informal brief ... filed by [N & F] ... was inadvertently shown as signed by Nenna Frain." The motion stated that the "President of the company, VITO FRAIN has signed this motion"; the motion was, however, signed by "VITO NENNA of VINEN CORPORATION." N & F, the motion further explained, "desires an opportunity to retain counsel ... and is in the process of obtaining counsel."
 
 
 7
 An attorney finally entered an appearance on N & F's behalf on 11 December and filed answers to the appellees' motions to dismiss and motion for sanctions. These answers attempt to focus the issue back to the propriety of the district court's summary judgment below. N & F's attorney asserts that future prosecution of the appeal by an attorney "will cure the error and informality that apparently preceded [his] entry of appearance" and that "the informal materials which have previously been filed should not foreclose the appellant from having an opportunity to present its best case to this Court."
 
 
 8
 We disagree. This Court greatly prefers deciding cases on their merits, but N & F has had more than "an opportunity" to present its best case. This Court has given N & F several opportunities--and at least one warning--to obtain counsel. Rather than seize these opportunities, N & F has persistently delayed taking responsible action to prosecute its appeal and has in the interim submitted documents "signed" by a non-existent person. We will not tolerate such behavior by a party before this Court.
 
 
 9
 Accordingly, we find that N & F's actions have resulted in a waiver of its right to appeal and have rendered this appeal frivolous; the appearance of an attorney so late in the day does not change this conclusion.
 
 
 10
 Because we find this appeal frivolous, we dispense with oral argument, Fed.R.App.P. 34(a)(1), grant the motion for sanctions and award Whitman, Requardt & Associates and Frank Tighe double costs on appeal, Fed.R.App.P. 38, and grant the appellees' motions to dismiss the appeal.
 
 
 11
 DISMISSED AND SANCTIONS IMPOSED.